# Barr v. Law.

Where, prior to bringing suit before an Alderman, Plaintiff sends a copy of his account to Defendant, appending thereto the statement that Defendant could remit the same to him or to his attorney, naming an Alderman as such, the judgment afterwards rendered against defendant by said Alderman, whom plaintiff had so chosen to designate as his attorney, will be reversed.

ALDERMAN ACTING AS ATTORNEY—JURISDICTION.

Certiorari to George A. DoByne, Alderman.

No. 58, March Term, 1902; C. P. of Blair County.

H. D. Hewitt, Esq., Atty for Plaintiff.

Robert W. Smith, Esq., Atty. for Defendant.

Opinion by BELL, J., Aug. 4, 1902.

## STATEMENT OF FACTS INVOLVED.

The Alderman before whom the case was tried, was a member of the Blair County Bar. Prior to the bringing of suit, the plaintiff sent a copy of his account to the defendant, with an appended statement, advising the defendant that he could pay the same either to the plaintiff, or his attorney. In such notice, the Alderman was named as such attorney. The Alderman, it seems, had no knowledge of the notice being sent in such form. The defendant did not appear in person, or by counsel, and cer-

Barr v. Law.

tiorari was taken from the judgment of the Alderman for $10 in favor of plaintiff on the evidence, for the sale of a horse for the defendant, by the plaintiff.

H. D. Hewitt, Attorney for plaintiff, and Robert W. Smith, Attorney for defendant.

BY THE COURT:—In this case the Alderman is likewise a member of this bar. Prior to bringing suit before said Alderman, plaintiff sent a copy of his account to defendant, appending thereto a statement that defendant could remit the same to plaintiff, or his attorney, naming the Alderman as such. We think that this was such an impropriety on the part of this plaintiff, as necessitates the reversal of the judgment afterwards rendered against defendant by said Alderman, whom plaintiff had so chosen to designate as his attorney. Plaintiffs should be careful not to place magistrates, before whom they intend to bring suits, in the position of acting as their attorneys. The Alderman knew nothing of the said notice by plaintiff to defendant, but still I think after the receipt of such notice, the defendant was justified in refusing to appear before the Alderman when suit was brought. Judgment is reversed.

Reported by M. S. Patterson, Esq.,
Hollidaysburg, Pa.